FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 18 2005

at 3 o'clock and 52 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FREDERICK QUINCY DUMLAO, | CIV. 05-00108 SOM/KSC |
| Petitioner, | CR. 02-00351-001 |
| vs. | ORDER DENYING "NOTICE OF PLAIN ERROR AND MOTION TO REVIEW UNDER WHICHEVER RULE OR STATUTE COURT DEEMS PROPER" |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

ORDER DENYING "NOTICE OF PLAIN ERROR AND MOTION
TO REVIEW UNDER WHICHEVER RULE OR STATUTE COURT DEEMS PROPER"

Petitioner Frederick Quincy Dumlao has filed a "Notice of Plain Error and Motion to Review Under Whichever Rule or Statute Court Deems Proper." This motion seeks reduction of the sentence set forth in the judgment entered by this court on March 31, 2003, and is clearly intended to be a petition under 28 U.S.C. § 2255. The court denies the petition on two grounds.

First, the petition is denied as untimely. Judgment was entered in Dumlao's criminal case on March 31, 2003. Dumlao took no appeal, and the judgment became final upon the expiration of the ten-day appeal period set forth in Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure. Any petition under § 2255 should have been filed within one year of when the criminal judgment became final. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."). As Dumlao did not file this petition within one year from the date

on which the judgment of conviction became final, his petition is untimely.

Second, the kind of relief Dumlao seeks is not obtainable through § 2255. Dumlao argues that the one year limitation period must be counted from January 12, 2005, the date the United States Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Dumlao appears to be arguing that Booker articulates a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. While § 2255 does provide for the limitation period to run from a newly recognized right made retroactively applicable to cases on collateral review, the Ninth Circuit does not recognize rights such as those articulated by Booker to be retroactively applicable to cases on collateral review. In Cook v. United States, 386 F.3d 949 (9th Cir. 2004), the Ninth Circuit held that the decision in Blakely v. Washington, 124 S. Ct. (2004), was not retroactively applicable. As Booker is an outgrowth of Blakely, Booker is similarly not retroactively applicable.

The petition is denied. The Clerk of Court is directed to send this order to the petitioner, to Assistant Federal Public Defender Loretta Faymonvile, and to Edward Kubo, United States Attorney. The Clerk is also directed to close this case.

2

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 18, 2005.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
United States District Judge

Frederick Dumlao v. United States of America; Civ. No. 05-00108 SOM/KSC, CR. 02-00351-001; ORDER DENYING "NOTICE OF PLAINT ERROR AND MOTION TO REVIEW UNDER WHICHEVER RULE OR STATUTE COURT DEEMS PROPER"